UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elizabeth Ison,

      Plaintiff,

   v.

Javitch, Block & Rathbone, et al.,

      Defendants.

Case No. 1:04cv846

Judge Michael R. Barrett

## OPINION AND ORDER

The matter is before the Court pursuant to Defendants' motion to dismiss (Doc. 4), Defendants' motion for leave to file supplemental authority (Doc. 43), Defendants' motion to strike paragraphs 1, 14, 15, 16, 17, 18, 23 of Amended Complaint (Doc. 53), Defendants' motion to dismiss Plaintiff's amended complaint (Doc. 54), Defendants' motion to take judicial notice of undisputed facts (Doc. 64), Defendants' motion for leave to file supplemental authority in support of motion to dismiss and motion to strike (Doc. 65), Defendants' motion for order to grant leave instanter to provide supplemental authority in support of motion to dismiss (Doc. 69), Defendants' motion for leave to file instanter supplemental memorandum regarding defendants claim of unconstitutionality (Doc. 75), and the uncontested motion of the United States of America to Intervene (Doc. 84).

The Court finds that Defendants' motion to dismiss (Doc. 4) is DENIED as MOOT as an amended complaint has been filed (Doc. 49) and Defendants have filed a motion to dismiss that amended complaint. Plaintiff did not oppose Defendants' motions for leave to file supplemental authority (Doc. 43 and 65), thus, these motion are hereby GRANTED.[1]

---

[1] Despite the numerous filings of supplemental authorities, the Court is very aware of the status of the law on this case and the numerous other similar cases that

Plaintiff also did not oppose Defendants' motion for leave to file instanter supplemental memorandum regarding defendants claim of unconstitutionality (Doc. 75). This motion is hereby GRANTED. Finally, neither the Plaintiff nor Defendants oppose the motion of the United States of America to Intervene (Doc. 84). Thus, this motion is hereby GRANTED. The remaining motions are opposed and will be addressed in detail below.

I.     Factual Background.

Plaintiff filed the first complaint in this matter (Doc. 1) on December 27, 2004. An amended compliant (Doc. 49) was filed on August 7, 2006. Plaintiff Elizabeth Ison alleges that the Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* and the Ohio Consumer Sales Practices Act (OCSPA), R.C. §1345.01 *et seq*. (Doc. 49, ¶1) on behalf of herself individually and a potential class of debtors. Plaintiff names Javitch, Block & Rathbone, a law firm, and Mr. Block[2], an attorney with the law firm as Defendants (Id. ¶4, 5).

Plaintiff alleges that the Defendants file hundreds of collection matters on behalf of Direct Merchants Credit Card Bank ("Direct Merchants") each year (Id. ¶14) and that they do so without having access to any of documents they would need to support the claim (Id. ¶15). Plaintiff alleges that the affidavits attached to the collection complaints contain false statements, specifically, that the precise amount is based upon the affiant's personal

---

have been filed in this district.

[2]In Plaintiff's original complaint, Mr. Block is identified as Bruce Block. However, it appears from the briefs filed that Plaintiff made a typographical error as the attorney's name is actually Brian Block. Unfortunately, Plaintiff, by referring to Mr. Block as Attorney Block in the Amended Complaint, did not correct this error. However, the Court finds that this error does not prejudice the Defendants.

knowledge of Direct Merchants' business records and practices as well as its computer records, the affiant's personal knowledge that there is a "just and true balance due and owing" and that the balance includes "interest at the specified rate", and that the affiant will testify to such if called upon (Id. ¶17-18). Plaintiff also alleges that Defendants have full knowledge that these statements are false and that the affiant does not have personal knowledge of the amount owed, the annual percentage rate, whether late fees can be added, whether over-limit charges can be added and whether attorney fees and/or costs of collection can be added to the debt. (Id.). Plaintiff further alleges that Defendants then dismiss these cases if the debtor demands to see the documentary backup for the claim being made. (Id. ¶16).

Direct Merchants Credit Card Bank (Direct Merchants) was the plaintiff in an underlying state court debt collection action filed by the Defendants in this action against Elizabeth Ison in the Portsmouth Municipal Court in Scioto County, Ohio (Id. ¶19-21). This action was for the collection of an unpaid credit card balance. Plaintiff alleges that the underlying action was dismissed when she requested discovery (Id. ¶22).[3] The affidavit attached to the state court complaint was signed by an employee of Direct Merchants. Plaintiff asserts that the affidavit contains false representations that the affiant has personal knowledge of the exact amount of the debts (Id. ¶1, 23, 24).

---

[3]However, the docket for this action indicates that there were conflicting orders. On August 24, 2004 the matter was "dismissed with prejudice for failure to prosecute this action" and on October 18, 2004 the state court signed Direct Merchant's notice of voluntary dismissal without prejudice. Due to the conflicting orders, the state court reviewed the matter and found that the matter was dismissed with prejudice for failure to prosecute as ordered on August 24th and that the state court should not have signed the October 18th notice of voluntary dismissal (See Docket entry of April 4, 2005).

After the dismissal of the state court complaint, Plaintiff filed her complaint in this matter. Plaintiff alleges a violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692 (f) as well as O.R.C. §§1345.02 and 1345.03

II.     Motion to Strike (Doc. 53).

Defendants request that the Court strike paragraphs 1, 14, 15, 16, 17, 18 and 23 of the Amended Complaint (Doc.53) on the ground that above cited paragraphs are immaterial, impertinent, scandalous and unrelated to Plaintiff's claims. As Defendants correctly point out a Court should not grant a motion to strike "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy... and may cause some form of significant prejudice to one or more of the parties to the action..." (Wright & Miller, 5C Fed. Prac. & Proc. Civ.3d §1382). The Court finds that the above paragraphs of the Amended Complaint are sufficiently related to the Amended Complaint and that there is not significant prejudice to the Defendants. Thus, Defendant's Motion to Strike is hereby DENIED.

III.    Motion for Order to Take Judicial Notice of Undisputed Facts (Doc. 64)

Defendants ask this Court to take Judicial Notice of certain facts that are of public record and originate from the underlying state court lawsuit against Ms. Ison. Plaintiff, in response, has no objection to the Court taking judicial notice of the facts that Defendants list on pages 4 and 5 of its motion but does object to the Court assuming that the facts stated in the affidavit and the billing statements are true without Plaintiff having the opportunity to depose the affiant and/or conduct discovery.

For reasons set forth more fully below, this motion is hereby DENIED as MOOT.

IV.     Motion for Leave to Provide Supplemental Authority in Support of Motion to Dismiss and Motion to Strike Instanter (Doc. 69).

Defendants seek leave to provide statutory language and congressional records, including a FTC Staff Report, in support of its pending motions. Plaintiff opposes this motion arguing that the authority Defendants seek to provide this Court is not helpful. Although the Court tends to agree with Plaintiff, the Court has freely given leave to supplement in this case. Therefore, Defendants' motion is hereby GRANTED.

V.     Second Motion to Dismiss (Doc. 54).

    A.     Standard of Review.

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, the Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Generally, a court may not consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. However, the Sixth Circuit has held that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim.'" *See Weiner v. Klais and Co., Inc.,* 108 F.3d 89, 89 (6th Cir. 1997) (citations omitted). Defendants attached a certified copy of the state court record at Exhibit 1 of its Motion to Dismiss. This record includes: the docket entry listing, summons and complaint with the affidavit attached thereto, Ison's answer denying the allegations in the complaint, Ison's motion to compel, Ison's first request for production of documents, Ison's motion for summary judgment, entry dismissing the case for failure to prosecute, Direct Merchant's motion to vacate the dismissal with the billing statements attached thereto allegedly showing the debt owned by Ison, Ison's memorandum in opposition and request for sanctions, notice of voluntary dismissal by Direct Merchant, letter from Ison's counsel requesting clarification as to the voluntary dismissal, and the entry clarifying the record and dismissing the case for failure to prosecute, among other documents. These documents are all admissible as public records. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)(courts may consider materials beyond the complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice"). Moreover, these documents are central to Ison's claim, so the Court will consider all of them in ruling on Defendant's Motion to Dismiss. *See also, Harvey v. Great Seneca Financial Corp*., 2005 Westlaw 1669355, *2 (S.D. Ohio)(Dlott, J.), aff'd, 453 F.3d 324 (6th Cir. 2006). However, the veracity of some of

the documents, i.e., the billing statements , will not be presumed.

        1.      <u>Fair Debt Collection Practices Act</u>.

Congress enacted the Fair Debt Collection Practices Act (FDCPA) "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e. The Sixth Circuit has gone on to note that the FDCPA is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the case of an innocent or de minimis violation. *See Frey v. Gangwish*, 970 F. 2d 1516, 1521 (6th Cir. 1992). Section 1692e states that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. That section is then broken into sixteen subsections, which provide a non-exhaustive list of prohibited practices, including subsection 1692e(10), at issue in this case. Section 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f specifically states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. To determine whether a debt collection practice is deceptive or misleading, that practice "must be viewed objectively from the standpoint of the 'least sophisticated consumer.'" *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 864 (S.D. Ohio 2005) *citing Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). *See also Lewis v. ACB Bus.*

*Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998). This standard "protects all consumers, the gullible as well as the shrewd." *Id. citing Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

There have been numerous lawsuits similar to this case filed recently in this Court, all involving the same attorneys as in this matter. This Court will provide a brief summary of a few of those cases to aid this Court in its decision.

In *Delawder v. Platinum Financial,* 1:04cv680, the Plaintiff alleged that the affidavit attached to a collection complaint falsely stated the amount of the debt owed and the ownership of the debt. Judge Dlott denied the Defendant's Motion to Dismiss as to Delawder's claims under §1692e(2), §1692e(10) and §1692f(1) because Plaintiff had alleged that the affidavit misrepresented the amount of the debt or the debt collector's legal claim upon the debt. Similarly, in *Kelly v. Great Seneca Financial Corp.*, 1:04cv615, Chief Judge Beckwith denied the Defendant's motion to dismiss because the plaintiff alleged that the state court pleading made false statements about a debt, and therefore stated a claim under §1692e. See also *Williams v. Javitch, Block and Rathbone*, 1:05cv819 (Doc. 44).[4]

In *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 863 (S.D. Ohio 2005) (2:04-CV-1119), aff'd 2007 U.S. App. LEXIS 14054 (6th Cir. June 6, 2007), the Plaintiff was sued in state court by Direct Merchants to collect on a debt. After the state court case was resolved, Plaintiff filed suit in federal court against the law firm alleging violations of the FDCPA. Plaintiff alleged that the attachment of a deceptive, unfair and unconscionable

---

[4] The Affidavit at issue in this case is almost identical to the affidavits in *Delawder* and in *Williams.*

8

affidavit to the complaint violated the FDCPA.[5] Plaintiff alleged that the affidavit was deceptive, unfair and unconscionable because it included a provision that the creditor would be entitled to attorneys fees to the extent permitted by applicable law. Plaintiff argued that since attorneys fees are not permitted in Ohio in connection with the collection of personal or household debt that this statement was a violation of the FDCPA. Judge Holschuh granted Defendant's motion for summary judgment as to the 1692e(2), 1692d and 1692(f) claims but not the 1692e(5) and (10) claims. In doing so, Judge Holschuh stated:

> The Court therefore finds that the "least sophisticated consumer," reading the affidavit in conjunction with the complaint, would be confused, and reasonably might feel pressured to immediately pay the debt, even if she disputed its validity, in order to avoid the possibility of having to also pay Direct Merchants' attorney fees at some later date. Because the "least sophisticated consumer" could interpret Vick's affidavit as a threat to collect attorney fees, an action that clearly "cannot legally be taken," the Court concludes that Defendant's conduct violated 15 U.S.C. § 1692e(5). For the same reasons, the Court finds that Defendant used "deceptive means" to attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

*Gionis,* 405 F. Supp. 2d at 867.

In *Harvey v. Great Seneca Financial Corporation*, 1:05cv47, the Plaintiff alleged that filing suit to collect a purported debt without the means of proving the existence of the debt, amount of the debt or that the debt was owed by Plaintiff was a violation of the FDCPA. Plaintiff did not allege any false representations. Judge Dlott found that the FDCPA and the civil rules did not require an attorney to prove its case before filing it. The granting of the Motion to Dismiss was affirmed by the Sixth Circuit, 453 F.3d 325 (6th Cir. 2006).

---

[5]The affidavit attached in *Gionis* is almost identical to the affidavit attached in the present case.

9

*Harvey* is distinguishable from *Delawder* above because in *Harvey* there is no allegation that the affidavit was false only that the proof of the debt was not available at the time the lawsuit was filed. Similarly, in *Deere v. Javitch, Block & Rathbone,* 1:05cv710, and *Davis v. NCO Portfolio Management & Javitch, Block & Rathbone,* 1:05cv734, both cases with factual allegations similar to *Harvey,* Chief Judge Beckwith granted the Defendant's Motion to Dismiss on the same grounds stated in *Harvey,* specifically, that Deere and Davis did not allege that anything in the collection complaint was false or that the complaint itself was baseless and that "filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the debt, nor is it unfair or unconscionable". *Davis*, 1:05cv734 Doc. 8, p7. *See also Deere,* 1:05cv710, Doc. 17, p8.

The question in this case is whether Defendants engaged in deceptive or misleading debt collection practices by attaching an affidavit signed by an employee of its client to the state court complaint. The Plaintiff here argues that this Court should follow the *Delawder* and *Kelly* cases. She argues that Defendant's conduct in attaching an allegedly false affidavit to the collection complaint, specifically that the affiant does not have personal knowledge of the facts attested to in the affidavit, violates sections 1692e, including 1692e(10), and 1692(f). See Doc. 49, ¶1, 17 and 18. Defendants, however, argue that this Court should follow the *Harvey* line of cases as the Plaintiff does not allege that anything in the collection complaint itself was false or that the complaint was baseless.

The Court finds that Plaintiff has sufficiently pled facts that could be false representations and/or unfair and unconscionable. (See *Delawder, supra; Williams, supra;*

10

*and Gionis, supra*).

        2.       <u>Vicarious Liability</u>.

Defendant argues here, as it did in *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 863 (S.D. Ohio 2005), that it cannot be held responsible for the allegedly false statement contained in the affidavit. It notes that the affidavit was drafted and executed by its client, Direct Merchants, whose conduct is not subject to liability under the FDCPA because Direct Merchants is not a "debt collector." Defendant further argues that it cannot be held "vicariously liable" for statements made in that affidavit. However, Plaintiff is not seeking to hold Defendant vicariously liable for the conduct of its client. Instead, she is seeking to hold Defendant liable for its own conduct. She alleges that Defendant violated the FDCPA by attaching the affidavit to the complaint it drafted and filed in state court. The Court in *Gionis* specifically address this issue and stated the following:

> Defendant cannot escape liability under the FDCPA by blaming its client for the contents of the affidavit. When Defendant attached a copy of the affidavit to the complaint, the affidavit became part of the complaint. See Ohio R. Civ. P. 10(C)("[a] copy of any written instrument attached to a pleading is a part of the pleadings for all purposes"); Fed. R. Civ. P. 10(c)("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). If the contents of that affidavit, read in conjunction with the complaint itself, violate the provisions of the FDCPA, Defendant may be held legally responsible.

*Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d at 863, affirmed by 2007 U.S. App. LEXIS 14054 (6th Cir. June 6, 2007).

        3.       <u>Statute of limitations</u>.

The statute of limitations for claims under the FDCPA is one year. *See* 15 U.S.C. § 1692k(d), *Lewis v ACB* 135 F.3d 389 (6th Cir. 1998). Direct Merchants filed its complaint

11

against Ison on December 23, 2003.  Ison's original complaint in this Court was filed on December 27, 2004.  The question this court must address is when did the alleged violation of the FDCPA occur.  Stated otherwise, does the statute of limitations begin to run on the date of the filing of the complaint, the date of the mailing of the complaint or the date of the receipt of the complaint by the debtor.  The Northern District of Ohio addressed this issue fifteen years ago.  *See Sylvester v. Laks,* 1991 U.S. Dist. LEXIS 21777, 6-7 (N.D. Ohio 1991).  In *Sylvester*, the Court found only two cases which discuss the statute of limitations: *Anthes v. Transworld Systems, Inc.*, 765 F. Supp. 162, 1991 U.S. Dist. LEXIS 7540 (D. Del. 1991) and *Seabrook v. Onondaga Bureau of Medical Economics, Inc.*, 705 F. Supp. 81 (N.D. N.Y. 1989).  The court in *Anthes* found that violation occurs when the offending letter is received as opposed to when it is sent. *Anthes,* 765 F. Supp. 162 at n.10. In *Seabrook*, the court discussed what it saw as the two possible outcomes of when a violation occurs:  "The violation could occur on the date the letter was sent; or, more likely, the violation could occur on the date the debtor received the communication which supposedly violated the FDCPA."  705 F. Supp. at 83.  The Court in *Sylvester* was persuaded that a violation occurs when the letter is received.  *Sylvester v. Laks,* 1991 U.S. Dist. LEXIS 21777, 6-7 (N.D. Ohio 1991).

More recently, this issue as been addressed in *Rosado v Taylor,* 324 F. Supp. 2d 917 (N.D. Ind. 2004).  The *Rosado* Court stated:

> Courts have divided over how to determine the "date on which the violation occurs" in the context of mailings. Most have pegged this date as the date on which the piece of mail was sent, e.g., *Mattson v. U.S. West Communications*, 967 F.2d 259 (8th Cir. 1992); *Friedman v. Anvan Corp.*, 1998 WL 559779 (N.D. Ill. Aug. 28, 1998) (collecting cases), while a much smaller number have expressed a preference for the date on which the

12

> debtor received the mailed item, e.g., *Seabrook v. Onondaga Bureau of Medical Economics, Inc.*, 705 F. Supp. 81, 83 (N.D.N.Y. 1989). The Seventh Circuit Court of Appeals has noted the issue without deciding it. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).
>
> *Mattson v. U.S. West* is the seminal case on the date-of-mailing side. The *Mattson* court thought the date of mailing matters because 1) Congress designed the FDCPA to control the conduct of debt collectors, which is complete when the debt collector drops the letter in the mail; and 2) the date of mailing is easily ascertained and therefore provides a useful starting point from which to measure. 967 F.2d at 261. *Seabrook v. Onondaga Bureau*, perhaps the most cited case from the opposing view, did not actually decide the issue or provide any reasoning for its position. 705 F. Supp. 81, 83. It simply declared that it was "more likely" that the statute would start to run on the date that the debtor received the communication. *Id*.

*Rosado v. Taylor*, 324 F. Supp. 2d at 926-927.

Here, the court need not choose between the date-of-mailing rule and the date-of-receipt rule because Ison's claim survives under either. To effect service, the state court sent the summons (along with the complaint) via certified mail on December 29, 2003 (see the summons attached to Plaintiff's original complaint) and Ms. Ison accepted service on January 2, 2004 (see the state court docket). Since she filed her complaint on December 27, 2004, under the date-of-receipt rule, her suit falls within the one-year window provided by the statute.

Applying the date-of-mailing rule is more difficult. Is the date of mailing the date the debt collector files its lawsuit with the state court or the date the state court mails the summons and complaint to the debtor. According to the state court docket, Direct Merchants filed its complaint on December 23, 2003 and the summons was mailed on December 29, 2003. If the date the lawsuit was filed is the date of mailing then Ms. Ison is outside the one year limitation. If the date of the mailing of the summons and complaint

13

is the operative date then Ms. Ison is within the one year window.

In *Rosado,* the Court found that the statute of limitations started to run when the state court mailed the notice of the complaint. The Court went on to state that "[i]n the run-of-the-mill date of mailing case, the date the letter leaves the debt collector's hands is also the date that letter begins its journey to the debtor. See, e.g., *Mattson v. U.S. West Communications*, 967 F.2d 259." The Court reasoned that the debt collector sent the notice to the state court and not the debtor. The debt collector "effectively turned the state court into his mailing agent, in a sense (though not as a matter of true agency law), by asking it to forward the notice and complaint on to [the debtor]; having procured the subsequent mailing, [the debt collector] must be said to have mailed the notice to [the debtor] when the state court did..." *Rosado v. Taylor*, 324 F. Supp. 2d at 927-928. Thus, the date the summons and complaint is mailed by the state court is the date of mailing, i.e., December 29, 2004.

The Defendant also argues that the amended complaint "cannot be said to related back pursuant to Rule 15(c), because they did not arise out of the same conduct, transaction, or occurrence set forth in the original pleading." (Doc. 54, p5-6). The Court disagrees. Both the original complaint and the amended complaint relate to the state court complaint filed in Portsmouth, Ohio.

    4.  Immunity and Constitutional Arguments

Defendants, as in numerous other similar cases, raise several arguments of immunity, including, absolute immunity under the witness immunity doctrine, absolute immunity from statements made in the course of a judicial proceeding, qualified immunity

under the First Amendment and the Noerr-Pennington doctrine as well as arguments that the FDCPA is unconstitutional. These issues have been ruled upon time and time again. Most recently in *Gionis v. Javitch, Block & Rathbone, LLP*, 2007 U.S. App. LEXIS 14054 (6th Cir. 2007) (Finding that litigation immunity, witness immunity nor qualified immunity under the First Amendment shields Defendants from liability under the FDCPA). Although, not specifically addressed in *Gionis,* the Court finds that Defendants are also not entitled to immunity under the Noerr-Pennington doctrine. *See Heintz v. Jenkins* where the Supreme Court held that "the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, *even when that activity consists of litigation*." 514 U.S. 291, 299 (1995)(emphasis added). If the Supreme Court wanted the Noerr-Pennington doctrine to apply, it would have found otherwise.[6]

As to the constitutionality argument, by way of this Order the Court has granted the motion of the United States of America to intervene in this matter to address this issue. Thus, the Court declines to decide the constitutionality of the FDCPA at this time.

     5.    <u>Ohio Claims</u>

Although this Court has held that a bank and its debt collection attorneys are exempt from the Ohio Consumer Sales Practices Act (OCSPA) (*See Lamb v. Javitch, Block & Rathbone*, 1:04cv520, Doc. 19), companies that are in the debt collection business are not exempt. *See Williams, supra* at p 16 (*citing Dartmouth Plan, Inc. v. Haerr*, 1990 Ohio App. LEXIS 5738 (Ohio 3rd App. Dist., December 4, 1990); *Celebrezze v. United Research*

---

[6]The Noerr-Pennington doctrine was developed by the Supreme Court in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965). It was later expanded *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

(1985), 19 Ohio App. 3d 49, 51; *Liggins v. The May Company* (1975), 73 O.O. 2d 306, 308). Thus, this Court denies Defendants' motion to dismiss as to Plaintiff's Ohio claims.

### 6. Other Arguments

Defendants also briefly raise several other arguments that are not specifically addressed in this Order. For example, Defendants argue that Plaintiff lacks standing, that Defendants had probable cause to commence legal action in state court, and that issue preclusion prevents relitigating any alleged Rule 11 violation. For the reasons set forth above, the Court finds that these arguments lack merit.

### B. Conclusion.

Defendants' motion to dismiss is hereby DENIED.

## VI. Summary

Doc. 4 and Doc. 64 are hereby DENIED as MOOT. Docs. 43, 65, 69, 75 and 84 are hereby GRANTED. The Clerk of Court is directed to add the United States of America as a party in this litigation. Doc. 53 and 54 are hereby DENIED.

**IT IS SO ORDERED.**

s/Michael R. Barrett
Michael R. Barrett, Judge
United State District Court